UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL S. HOSKINS,

        Plaintiff,

  v.                                      Case No. 19-C-1517

BRIAN FOSTER,
OFFICER BEAHM,
CAPTAIN WESTRA, and
T. MOON,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Michael S. Hoskins, who was incarcerated at Waupun Correctional Institution at the time of the alleged incident, but was released on extended supervision on October 1, 2019, filed a *pro se* complaint on October 16, 2019, under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Hoskins' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Hoskins has filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. A review of Hoskins' motion reveals that he owes $18,000 in restitution, lacks any financial accounts, does not have any significant property, and has not indicated that he has any source of income. Dkt. No. 2. Accordingly, the court will grant Hoskins' motion to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statements must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court

is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## ALLEGATIONS OF THE COMPLAINT

Hoskins alleges that in July 2019 he was placed in confinement for 120 days because he attempted to reach out to a detective about the killing of an inmate at Waupun Correctional Institution. While confined, Hoskins had no access to windows, television, the telephone, or recreation.

Hoskins wrote to the prison warden and complained about his conditions of confinement. The Warden responded by stating that "this was just on what his officers was [sic] doing." Dkt. No. 1 at 2. Captain Westra later told Hoskins that he was going to learn a lesson for telling about what was going on in the prison. Subsequently, Officer Beahm removed Hoskins' clothing and put him in a cold cell for over 48 hours. Hoskins alleges that the cold air almost killed him. Officer Beahm and other officers told Hoskins that he "didn't know where you at 'boy.'" *Id.* at 3.

## THE COURT'S ANALYSIS

The allegations before the court are that Officer Beahm, with Captain Westra's approval, deprived Hoskins of privileges, placed him in segregation, and then stripped him naked and held him in a cold cell for 48 hours in retaliation for his attempt to speak to a detective investigating a death at the prison. Hoskins claims he complained to the Warden Foster, who suggested that he was fine with what his officers were doing to Hoskins. As shocking as they may appear, Hoskins' allegations must be accepted as true at this stage of the proceedings. Accepting them as true, they are sufficient to support two claims against Officer Beahm, Captain Westra, and Warden Foster.

3

First, the allegations support a claim for First Amendment retaliation against these defendants. To prevail on his § 1983 claim of First Amendment retaliation, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). An inmate's report of a crime committed in prison is clearly protected by the First Amendment. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Certainly, cooperating in the investigation of a homicide that allegedly occurred within the prison is not inconsistent with an inmate's status as a prisoner or with the legitimate penological objectives of the corrections system. Placement in segregation with the denial of telephone and television privileges is the kind of deprivation that would likely deter First Amendment activity in the future. And the alleged statement by Captain Westra to the effect that Hoskins was being given "a lesson about telling what goes on in Waupun" is sufficient to establish a causal connection between the protected speech and the deprivation.

The complaint is also sufficient to state a claim against these same defendants under the Eighth Amendment. Conditions of confinement in a prison violate the Eighth Amendment's prohibition on cruel and unusual punishment when "there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of "the minimal civilized measure of life's necessities."'" *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison condition does not rise to the level of cruel and unusual punishment unless the condition produces "the deprivation of a single, identifiable human

4

need such as food, warmth, or exercise." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). A prison official is liable for such deprivation when he intentionally subjects the inmate to conditions that amount to cruel and unusual punishment, or is deliberately indifferent to them. An officer is "deliberately indifferent when he is subjectively aware of the condition or danger complained of, but consciously disregards it." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 665 (7th Cir. 2012).

Accepting Hoskins' allegations as true, as the court is required to do at this stage in the proceedings, Hoskins has stated a conditions of confinement claim against Warden Foster, Captain Westra, and Officer Beahm. Officer Beam is alleged to have subjected Hoskins to conditions amounting to cruel and unusual punishment, and Warden Foster and Captain Westra are alleged to have known of those conditions and taken no action to stop it. Because the complaint does not contain any specific allegations against Moon, Moon will be dismissed as a defendant, but Hoskins may proceed on his First Amendment retaliation and Eighth Amendment conditions of confinement claims against Foster, Westra, and Beahm.

**IT IS THEREFORE ORDERED** that Hoskins' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that T. Moon is dismissed as a defendant.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendants Foster, Westra, and Beahm pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§

0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Hoskins shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hoskins is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 22nd day of November, 2019.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court